ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   PATRICK CONNALLY
6  and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12  PATRICK CONNALLY, an individual; and    ) CASE NO. C07 2524
    DISABILITY RIGHTS, ENFORCEMENT,         ) Civil Rights
13  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit ) **COMPLAINT FOR INJUNCTIVE RELIEF**
14  corporation,                             ) **AND DAMAGES:**

15          Plaintiffs,                      ) **1st CAUSE OF ACTION:** For Denial of Access
                                             ) by a Public Accommodation in Violation of the
16  v.                                       ) Americans with Disabilities Act of 1990 (42
                                             ) U.S.C. §12101, *et seq.*)
17  NORTH MENDOCINO INVESTMENT               )
    COMPANY LLC, a limited liability         ) **2nd CAUSE OF ACTION:** For Denial of Full
18  company                                  ) and Equal Access in Violation of California
                                             ) Civil Code §§54, 54.1 and 54.3
19          Defendant.                       )
                                             ) **3rd CAUSE OF ACTION:** For Denial of
20                                           Accessible Sanitary Facilities in Violation of
                                             California Health & Safety Code §19955, *et seq.*

21                                           **4th CAUSE OF ACTION:** For Denial of
                                             Access to Full and Equal Accommodations,
22                                           Advantages, Facilities, Privileges and/or
                                             Services in Violation of California Civil Code
23                                           §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                           **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                              1

1  Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,

2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4  defendants NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability

5  company, dba 3333 Mendocino Avenue Building and allege as follows:

6  **INTRODUCTION:**

7         1.      This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are

9  members, for failure to remove architectural barriers structural in nature at defendants' 3333

10  Mendocino Avenue Building , a place of public accommodation, thereby discriminatorily

11  denying plaintiffs and the class of other similarly situated persons with physical disabilities

12  access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

13  goods, facilities, services, and accommodations thereof. Plaintiffs seek injunctive relief and

14  damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

15  California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

16  *seq.*

17         2.      Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

18  about February 6, 2007, was an invitee, guest, patron, customer at defendants' 3333 Mendocino

19  Avenue Building , in the City of Santa Rosa, California.  At said time and place, defendants

20  failed to provide proper legal access to the commercial building, which is a "public

21  accommodation" and/or a "public facility" including, but not limited to the men's and women's

22  restroom. The denial of access was in violation of both federal and California legal

23  requirements, and plaintiff PATRICK CONNALLY suffered violation of his civil rights to full

24  and equal access, and was embarrassed and humiliated.

25  **JURISDICTION AND VENUE:**

26         3.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2  California law, whose goals are closely tied with the ADA, including but not limited to violations

3  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4  *seq.*, including §19959; Title 24 California Building Standards Code.

5      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6  founded on the facts that the real property which is the subject of this action is located at/near

7  3333 Mendocino Avenue, in the City of Santa Rosa, County of Sonoma, State of California, and

8  that plaintiffs' causes of action arose in this county.

9  **PARTIES:**

10     5.    Plaintiff PATRICK CONNALLY  is a "physically handicapped person", a

11  "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

12  "physically disabled", "physically handicapped" and "person with physical disabilities" are used

13  interchangeably, as these words have similar or identical common usage and legal meaning, but

14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

17  PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable

18  California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in

19  upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK

20  CONNALLY requires the use of a wheelchair to travel about in public. Consequently, plaintiff

21  PATRICK CONNALLY is a member of that portion of the public whose rights are protected by

22  the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

23  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

24  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

25  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

26     6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

27  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

28  with persons with disabilities to empower them to be independent in American society. DREES

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   accomplishes its goals and purposes through education on disability issues, enforcement of the

2   rights of persons with disabilities, and the provision of services to persons with disabilities, the

3   general public, public agencies and the private business sector. DREES brings this action on

4   behalf of its members, many of whom are persons with physical disabilities and whom have

5   standing in their right to bring this action.

6       7.      That members of DREES, like plaintiff PATRICK CONNALLY, will or have

7   been guests and invitees at the subject 3333 Mendocino Avenue Building, and that the interests

8   of plaintiff DREES in removing architectural barriers at the subject commercial building advance

9   the purposes of DREES to assure that all public accommodations, including the subject

10  3333 Mendocino Avenue Building, are accessible to independent use by mobility-impaired

11  persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

12      8.      Defendant NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited

13  liability company (hereinafter alternatively referred to as "defendant") is the owner and operator,

14  lessor and/or lessee, or agent of the owners, lessors and/or agent of the owners, lessors and/or

15  lessees, of the public accommodation known as 3333 Mendocino Avenue Building , located

16  at/near 3333 Mendocino Avenue, San Rosa,  California, or of the building and/or buildings

17  which constitute said public accommodation.

18      9.      At all times relevant to this complaint, defendant NORTH MENDOCINO

19  INVESTMENT COMPANY LLC, a limited liability company, owns and operates in joint

20  venture the subject 3333 Mendocino Avenue Building as a public accommodation. This business

21  is open to the general public and conducts business therein. The business is a "public

22  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

23  51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

24  *seq.*

25      10.     At all times relevant to this complaint, defendant NORTH MENDOCINO

26  INVESTMENT COMPANY LLC, a limited liability company are jointly and severally

27  responsible to identify and remove architectural barriers at the subject pursuant to Code of

28  Federal Regulations title 28, section 36.201(b), which states in pertinent part:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

§ 36.201    **General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The 3333 Mendocino Avenue Building , is a commercial building, located at/near 3333 Mendocino Avenue, San Rosa, California. The 3333 Mendocino Avenue Building , is comprised of several public accommodations. The men's restroom, women's restroom and its other facilities are each a "place of public accommodations to wit: or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the 3333 Mendocino Avenue Building and each of its facilities, its men's and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff PATRICK CONNALLY was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the 3333 Mendocino Avenue Building as being handicapped accessible and handicapped usable.

14.    On or about February 6, 2007, plaintiff PATRICK CONNALLY was an invitee and guest at the subject 3333 Mendocino Avenue Building, for purposes of conducting personal affairs.

15.    On or about February 6, 2007, plaintiff PATRICK CONNALLY needed to use an accessible restroom. Whether it was an accessible men's restroom or a accessible women's restroom it didn't matter, as long as one was accessible.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

16.    At said time and place, plaintiff sought an accessible restroom. Plaintiff PATRICK CONNALLY found that all of the men's and women's restroom (four in total) served all the public accommodations in the commercial building. The restrooms lacked an accessible handicap stall(s), that a wheelchair could enter and have the door closed behind it.

17.    At said time and place, plaintiff PATRICK CONNALLY was unable to use a stall in privacy because he could not close the door behind his wheelchair.

18.    At said time and place, plaintiff PATRICK CONNALLY formed the opinion that if the lavatory counter was shortened, a urinal moved, that there would be sufficient space to move the stall(s) partition. This would make the stall(s) wider and allow for a proper side door stall installation.

19.    Therefore, at said time and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject 3333 Mendocino Avenue Building which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.    lack of an accessible women's restroom;

        b.    lack of an accessible men's restroom;

        c.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

20.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

21.    At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,

2  plaintiff suffered bodily injury.

3      22.    As a legal result of defendant NORTH MENDOCINO INVESTMENT

4  COMPANY LLC, a limited liability company's failure to act as a reasonable and prudent public

5  accommodation in identifying, removing or creating architectural barriers, policies, practices and

6  procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered

7  the damages as alleged herein.

8      23.    As a further legal result of the actions and failure to act of defendant, and as a

9  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

10  herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

11  Plaintiff PATRICK CONNALLY suffered a loss of his civil rights and his rights as a person with

12  physical disabilities to full and equal access to public facilities. Further, plaintiff PATRICK

13  CONNALLY emotional distress, mental distress, mental suffering, mental anguish, which

14  includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and

15  worry, expectedly and naturally associated with a person with physical disabilities being denied

16  access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

17  No claim is being made for mental and emotional distress over and above that usually associated

18  with the discrimination and physical injuries claimed, and no expert testimony regarding this

19  usual mental and emotional distress will be presented at trial in support of the claim for damages.

20      24.    Defendant's failure to remove the architectural barriers complained of herein

21  created, at the time of plaintiff PATRICK CONNALLY's first visit to said public

22  accommodation, and continues to create continuous and repeated exposure to substantially the

23  same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as stated

24  herein.

25      25.    Plaintiff PATRICK CONNALLY and the membership of DREES were denied

26  their rights to equal access to a public facility by defendant NORTH MENDOCINO

27  INVESTMENT COMPANY LLC, a limited liability company, because defendant NORTH

28  MENDOCINO INVESTMENT COMPANY LLC, a limited liability company *[ maintained a*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  commercial building without access for persons with physical disabilities to its facilities,
2  including but not limited to the men's restroom, women's, and other public areas as stated
3  herein], and continue to the date of filing this complaint to deny equal access to plaintiffs and
4  other persons with physical disabilities in these and other ways.

5       26.     On information and belief, construction alterations carried out by defendants have
6  also triggered access requirements under both California law and the Americans with Disabilities
7  Act of 1990.

8       27.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the
9  3333 Mendocino Avenue Building to be made accessible to meet the requirements of both
10 California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
11 long as defendant operates the 3333 Mendocino Avenue Building as a public facility. Plaintiffs
12 seek damages for violation of their civil rights on February 6, 2007 and they seek statutory
13 damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant
14 to Civil Code §54.3, for each day after his visit that plaintiff PATRICK CONNALLY was
15 deterred from returning to the 3333 Mendocino Avenue Building because of his knowledge and
16 belief that the premises was and remains inaccessible to persons with disabilities.

17      28.     On information and belief, defendants have been negligent in their affirmative
18 duty to identify the architectural barriers complained of herein and negligent in the removal of
19 some or all of said barriers.

20      29.     Because of defendants' violations, plaintiffs and other persons with physical
21 disabilities are unable to use public facilities such as those owned and operated by defendants on
22 a "full and equal" basis unless such facility is in compliance with the provisions of the
23 Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*
24 *seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court
25 compelling defendants to make the 3333 Mendocino Avenue Building accessible to persons
26 with disabilities.

27      30.     On information and belief, defendants have intentionally undertaken to modify
28 and alter existing building(s), and have failed to make them comply with accessibility

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  requirements under the requirements of ADAAG and Title 24. The acts and omission of
2  defendants, and each of them, in failing to provide the required accessible public facilities at
3  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and
4  despicable conduct carried out by defendants, and each of them, with a willful and conscious
5  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a
6  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
7  profound example of defendants, and each of them, to other operators of other commercial
8  buildings and other public facilities, and to punish defendants and to carry out the purposes of
9  the Civil Code §§ 51, 51.5 and 54.

10      31.    Plaintiffs are informed and believe and therefore allege that defendants NORTH
11  MENDOCINO INVESTMENT COMPANY LLC, a limited liability company, and each of them,
12  caused the subject building(s) which constitute the 3333 Mendocino Avenue Building to be
13  constructed, altered and maintained in such a manner that persons with physical disabilities were
14  denied full and equal access to, within and throughout said building(s) of the 3333 Mendocino
15  Avenue Building  and were denied full and equal use of said public facilities.  Furthermore, on
16  information and belief, defendants have continued to maintain and operate said 3333 Mendocino
17  Avenue Building and/or its building(s) in such conditions up to the present time, despite actual
18  and constructive notice to such defendants that the configuration of the 3333 Mendocino Avenue
19  Building and/or its building(s) is in violation of the civil rights of persons with physical
20  disabilities, such as plaintiff PATRICK CONNALLY, the membership of plaintiff DREES and
21  the disability community which DREES serves.  Such construction, modification, ownership,
22  operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,
23  51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

24      32.    On personal knowledge, information and belief, the basis of defendants' actual
25  and constructive notice that the physical configuration of the facilities including, but not limited
26  to, architectural barriers constituting the 3333 Mendocino Avenue Building  and/or building(s)
27  was in violation of the civil rights of persons with physical disabilities, such as plaintiffs,
28  includes, but is not limited to, communications with invitees and guests, the management

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  services of NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability
2  company, sponsors of conferences, owners of other commercial buildings and businesses, notices
3  they obtained from governmental agencies upon modification, improvement, or substantial repair
4  of the subject premises and other properties owned by these defendants, newspaper articles and
5  trade publications regarding the Americans with Disabilities Act of 1990 and other access laws,
6  public service announcements by former U.S. Attorney General Janet Reno between 1993 and
7  2000, and other similar information. Defendants' failure, under state and federal law, to make
8  the subject commercial building accessible is further evidence of defendants' conscious disregard
9  for the rights of plaintiff and other similarly situated persons with disabilities. Despite being
10 informed of such effect on plaintiff and other persons with physical disabilities due to the lack of
11 accessible facilities, defendants, and each of them, knowingly and willfully refused to take any
12 steps to rectify the situation and to provide full and equal access for plaintiffs and other persons
13 with physical disabilities to the commercial building. Said defendants, and each of them, have
14 continued such practices, in conscious disregard for the rights of plaintiffs and other persons with
15 physical disabilities, up to the date of filing of this complaint, and continuing thereon.
16 Defendants had further actual knowledge of the architectural barriers referred to herein by virtue
17 of the demand letter addressed to the defendants and served concurrently with the summons and
18 complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and
19 other persons with physical disabilities, constitutes despicable conduct in conscious disregard of
20 the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition
21 of treble damages per Civil Code §§52 and 54.3.

22      33.    Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its
23 membership and the disability community which it serves, consisting of persons with disabilities,
24 would, could and will return to the subject public accommodation when it is made accessible to
25 persons with disabilities.

26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
          **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
2         **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
          (On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
3         ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
          California public benefit corporation and Against Defendant NORTH MENDOCINO
4         INVESTMENT COMPANY LLC, a limited liability company, inclusive)
          (42 U.S.C. §12101, *et seq.*)
5
          34.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,
6
     the allegations contained in paragraphs 1 through 33 of this complaint.
7
          35.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
8
     §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
9
     protect:
10
                 some 43 million Americans with one or more physical or mental
11               disabilities; [that] historically society has tended to isolate and
                 segregate individuals with disabilities; [that] such forms of
12               discrimination against individuals with disabilities continue to be a
                 serious and pervasive social problem; [that] the nation's proper
13               goals regarding individuals with disabilities are to assure equality
                 of opportunity, full participation, independent living and economic
14               self-sufficiency for such individuals; [and that] the continuing
                 existence of unfair and unnecessary discrimination and prejudice
15               denies people with disabilities the opportunity to compete on an
                 equal basis and to pursue those opportunities for which our free
16               society is justifiably famous.

17        36.    Congress stated as its purpose in passing the Americans with Disabilities Act of
18   1990 (42 U.S.C. §12102):

19               It is the purpose of this act (1) to provide a clear and
                 comprehensive national mandate for the elimination of
20               discrimination against individuals with disabilities; (2) to provide
                 clear, strong, consistent, enforceable standards addressing
21               discrimination against individuals with disabilities; (3) to ensure
                 that the Federal government plays a central role in enforcing the
22               standards established in this act on behalf of individuals with
                 disabilities; and (4) to invoke the sweep of Congressional
23               authority, including the power to enforce the 14th Amendment and
                 to regulate commerce, in order to address the major areas of
24               discrimination faced day to day by people with disabilities.

25        37.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336
26   (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services
27   Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public
28   accommodations identified for purposes of this title was:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment;

42 U.S.C. §12181(7)(F)

38.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

39.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or

1                    accommodations available through alternative methods if such
                    methods are readily achievable.

2 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

3 Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

4 Effective January 31, 1993, the standards of the ADA were also incorporated into California

5 Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

6 52(a) and 54.3.

7        40.      The removal of the barriers complained of by plaintiffs as hereinabove alleged

8 was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of 3333

9 Mendocino Avenue Building pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information

10 and belief, if the removal of all the barriers complained of herein together was not "readily

11 achievable," the removal of each individual barrier complained of herein was "readily

12 achievable." On information and belief, defendants' failure to remove said barriers was likewise

13 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C.

14 §12182 (b)(2)(A)(i)and (ii).

15        41.      Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

16 accomplishable and able to be carried out without much difficulty or expense." The statute

17 defines relative "expense" in part in relation to the total financial resources of the entities

18 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

19 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

20 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

21 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

22 make the required services available through alternative methods which were readily achievable.

23        42.      On information and belief, construction work on, and modifications of, the subject

24 building(s) of 3333 Mendocino Avenue Building occurred after the compliance date for the

25 Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

26 under Title III of the ADA.

27        43.      Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

28 *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

2   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

3   are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

4   returning to or making use of the public facilities complained of herein so long as the premises

5   and defendants' policies bar full and equal use by persons with physical disabilities.

6       44.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

7   a disability to engage in a futile gesture if such person has actual notice that a person or

8   organization covered by this title does not intend to comply with its provisions".  Pursuant to this

9   section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or

10  about February 6, 2007, but on information and belief, alleges that defendants have continued to

11  violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

12  access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

13  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

14  facilities readily accessible to and usable by individuals with disabilities to the extent required by

15  this title".

16      45.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

17  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

18  the Americans with Disabilities Act of 1990, including but not limited to an order granting

19  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

20  deemed to be the prevailing party.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
        ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4        California public benefit corporation, and Against Defendant NORTH MENDOCINO
        INVESTMENT COMPANY LLC, a limited liability company, inclusive)
5        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6        46.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 45 of this complaint.

8        47.    At all times relevant to this action, California Civil Code §54 has provided that

9  persons with physical disabilities are not to be discriminated against because of physical

10 handicap or disability.  This section provides that:

11                (a) Individuals with disabilities . . . have the same rights as
                the general public to full and free use of the streets, highways,
12              sidewalks, walkways, public buildings, medical facilities, including
                hospitals, clinics, and physicians' offices, and other public places.
13
        48.    California Civil Code §54.1 provides that persons with disabilities shall not be
14
   denied full and equal access to places of public accommodation or facilities:
15
                (a)(1) Individuals with disabilities shall be entitled to full
16              and equal access, as other members of the general public, to
                accommodations, advantages, facilities, medical facilities,
17              including hospitals, clinics, and physicians' offices, and privileges
                of all common carriers, airplanes, motor vehicles, railroad trains,
18              motorbuses, streetcars, boats, or any other public conveyances or
                modes of transportation (whether private, public, franchised,
19              licensed, contracted, or otherwise provided), telephone facilities,
                adoption agencies, private schools, hotels, lodging places, places of
20              public accommodation, amusement or resort, and other places to
                which the general public is invited, subject only to the conditions
21              and limitations established by law, or state or federal regulation,
                and applicable alike to all persons.
22
                Civil Code §54.1(a)(1)
23
        49.    California Civil Code §54.1 further provides that a violation of the Americans
24
   with Disabilities Act of 1990 constitutes a violation of section 54.1:
25
                (d) A violation of the right of an individual under the
26              Americans with Disabilities Act of 1990 (Public Law 101-336)
                also constitutes a violation of this section, and nothing in this
27              section shall be construed to limit the access of any person in
                violation of that act.
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                                15

1        Civil Code §54.1(d)

2      50.    Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are

3 persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and

4 violated by the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific

5 architectural barrier which defendants knowingly and willfully fail and refuse to remove

6 constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have been and continue to be

7 denied full and equal access to defendant's 3333 Mendocino Avenue Building . As a legal result,

8 plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on

9 which they visited or have been deterred from visiting the commercial building because of their

10 knowledge and belief that the building is inaccessible to persons with disabilities. California

11 Civil Code §54.3(a) provides:

12           Any person or persons, firm or corporation, who denies or
           interferes with admittance to or enjoyment of the public facilities
13           as specified in Sections 54 and 54.1 or otherwise interferes with
           the rights of an individual with a disability under Sections 54, 54.1
14           and 54.2 is liable for each offense for the actual damages and any
           amount as may be determined by a jury, or the court sitting without
15           a jury, up to a maximum of three times the amount of actual
           damages but in no case less than . . .one thousand dollars ($1,000)
16           and . . . attorney's fees as may be determined by the court in
           addition thereto, suffered by any person denied any of the rights
17           provided in Sections 54, 54.1 and 54.2.

18        Civil Code §54.3(a)

19      51.    On or about February 6, 2007, plaintiff PATRICK CONNALLY suffered

20 violations of §§54 and 54.1 of the Civil Code in that plaintiff PATRICK CONNALLY was

21 denied access to accessible sanitary conditions and other public facilities as stated herein at the

22 3333 Mendocino Avenue Building and on the basis that plaintiff PATRICK CONNALLY  was a

23 person with physical disabilities.

24      52.    As a result of the denial of equal access to defendants' facilities due to the acts

25 and omissions of defendants, and each of them, in owning, operating and maintaining these

26 subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

27 limited to rights under §§54, 54.1 and 54.3, Civil Code. Further, plaintiff suffered emotional

28 distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and
2  naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's
3  damages as hereinafter stated. Defendants' actions and omissions to act constituted
4  discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that
5  represents persons with physical disabilities and unable, because of the architectural barriers
6  created and maintained by the defendants in violation of the subject laws, to use the public
7  facilities hereinabove described on a full and equal basis as other persons.

8       53.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
9  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
10 plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
11 about February 6, 2007, and on a continuing basis since then, including statutory damages, a
12 trebling of all of actual damages, general and special damages available pursuant to §54.3 of the
13 Civil Code according to proof.

14      54.    As a result of defendants', and each of their, acts and omissions in this regard,
15 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
16 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
17 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
18 the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this
19 lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.
20 Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to
21 plaintiffs, but also to compel the defendants to make their facilities accessible to all members of
22 the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing
23 party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1   Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2   **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
          FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
         ENFORCEMENT, EDUCATION, SERVICES; HELPING YOU HELP OTHERS, a
4        California public benefit corporation and Against Defendant NORTH MENDOCINO
         INVESTMENT COMPANY LLC, a limited liability company inclusive)
5        (Health & Safety Code §19955, *et seq.*)

6
7        55.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

8   the allegations contained in paragraphs 1 through 54 of this complaint.

         56.    Health & Safety Code §19955 provides in pertinent part:
9
10              The purpose of this part is to insure that public accommodations or
                facilities constructed in this state with private funds adhere to the
                provisions of Chapter 7 (commencing with Sec. 4450) of Division
11              5 of Title 1 of the Government Code. For the purposes of this part
                "public accommodation or facilities" means a building, structure,
12              facility, complex, or improved area which is used by the general
                public and shall include auditoriums, hospitals, theaters,
13              restaurants, hotels, motels, stadiums, and convention centers.
                When sanitary facilities are made available for the public, clients or
14              employees in such accommodations or facilities, they shall be
                made available for the handicapped.
15
         57.    Health & Safety Code §19956, which appears in the same chapter as §19955,
16
    provides in pertinent part, "accommodations constructed in this state shall conform to the
17
    provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
    Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
    public accommodations constructed or altered after that date. On information and belief,
20
    portions of the 3333 Mendocino Avenue Building and/or of the building(s) were constructed
21
    and/or altered after July 1, 1970, and substantial portions of the 3333 Mendocino Avenue
22
    Building and/or the building(s) had alterations, structural repairs, and/or additions made to such
23
    public accommodations after July 1, 1970, thereby requiring said commercial building and/or
24
    building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety
25
    Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.
26
         58.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
27
    Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    1982, Title 24 of the California Building Standards Code adopted the California State Architect's

2    Regulations and these regulations must be complied with as to any alterations and/or

3    modifications of 3333 Mendocino Avenue Building and/or the building(s) occurring after that

4    date. Construction changes occurring prior to this date but after July 1, 1970 triggered access

5    requirements pursuant to the "ASA" requirements, the American Standards Association

6    Specifications, A117.1-1961. On information and belief, at the time of the construction and

7    modification of said building, all buildings and facilities covered were required to conform to

8    each of the standards and specifications described in the American Standards Association

9    Specifications and/or those contained in Title 24 of the California Building Standards Code.

10       59.    Commercial office buildings such as the 3333 Mendocino Avenue Building

11    are "public accommodations or facilities" within the meaning of Health & Safety Code §19955,

12    *et seq.*

13       60.    As a result of the actions and failure to act of defendants, and as a result of the

14    failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

15    denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

16    plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

17    access to public facilities.

18       61.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

19    plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

20    plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

21    physical disabilities and prohibiting discrimination against the persons with physical disabilities,

22    and to take such action both in plaintiffs' own interests and in order to enforce an important right

23    affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

24    reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

25    §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

26    and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

27    and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  3(a). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

2  party.

3        62.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

4  them, to make the subject place of public accommodation readily accessible to and usable by

5  persons with disabilities.

6        Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

7  **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
   EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

8  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
   SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

9  (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a

10 California public benefit corporation, and Against Defendant NORTH MENDOCINO
   INVESTMENT COMPANY LLC, a limited liability company inclusive)

11 (Civil Code §51, 51.5)

12       63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

13 the allegations contained in paragraphs 1 through 62 of this complaint.

14       64.    Defendants' actions and omissions and failure to act as a reasonable and prudent

15 public accommodation in identifying, removing and/or creating architectural barriers, policies,

16 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

17 Unruh Act provides:

18           This section shall be known, and may be cited, as the
   Unruh Civil Rights Act.

19

20           All persons within the jurisdiction of this state are free and
   equal, and no matter what their sex, race, color, religion, ancestry,
   national origin, or **disability** are entitled to the full and equal

21 accommodations, advantages, facilities, privileges, or services in
   all business establishments of every kind whatsoever.

22           This section shall not be construed to confer any right or

23 privilege on a person that is conditioned or limited by law or that is
   applicable alike to persons of every sex, color, race, religion,

24 ancestry, national origin, or **disability.**

25           Nothing in this section shall be construed to require any
   construction, alteration, repair, structural or otherwise, or

26 modification of any sort whatsoever, beyond that construction,
   alteration, repair, or modification that is otherwise required by

27 other provisions of law, to any new or existing establishment,
   facility, building, improvement, or any other structure . . . nor shall

28 anything in this section be construed to augment, restrict, or alter in

1   any way the authority of the State Architect to require construction,
    alteration, repair, or modifications that the State Architect
2   otherwise possesses pursuant to other . . . laws.

3           A violation of the right of any individual under the
    Americans with Disabilities Act of 1990 (Public Law 101-336)
4   shall also constitute a violation of this section.

5   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

6   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

7   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

8   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

9   defendants, and each of them.

10          65.     The acts and omissions of defendants stated herein are discriminatory in nature

11  and in violation of Civil Code §51.5:

12          No business establishment of any kind whatsoever shall
    discriminate against, boycott or blacklist, refuse to buy from, sell
13  to, or trade with any person in this state because of the race, creed,
    religion, color, national origin, sex, or disability of the person or of
14  the person's partners, members, stockholders, directors, officers,
    managers, superintendents, agents, employees, business associates,
15  suppliers, or customers.

16          As used in this section, "person" includes any person, firm
    association, organization, partnership, business trust, corporation,
17  limited liability company, or company.

18          Nothing in this section shall be construed to require any
    construction, alteration, repair, structural or otherwise, or
19  modification of any sort whatsoever, beyond that construction,
    alteration, repair or modification that is otherwise required by other
20  provisions of law, to any new or existing establishment, facility,
    building, improvement, or any other structure . . . nor shall
21  anything in this section be construed to augment, restrict or alter in
    any way the authority of the State Architect to require construction,
22  alteration, repair, or modifications that the State Architect
    otherwise possesses pursuant to other laws.

23          66.     Defendants' acts and omissions as specified have denied to plaintiffs full and

24  equal accommodations, advantages, facilities, privileges and services in a business establishment,

25  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

26  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

27  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

1   Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate

2   the entirety of their above cause of action for violation of the Americans with Disabilities Act at

3   §34, *et seq.*, as if repled herein.

4         67.   As a legal result of the violation of plaintiff PATRICK CONNALLY's civil

5   rights as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages.

6   Plaintiff suffered emotional distress (all to plaintiff's damage according to proof, and incurred

7   reasonable attorneys' fees and costs). Plaintiffs PATRICK CONNALLY and DREES are

8   entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual

9   damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as

10  to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to

11  be the prevailing party.

12  **PRAYER:**

13        Plaintiffs pray that this court award damages and provide relief as follows:

14  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
15  **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
    **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
16  (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
17  California public benefit corporation, and Against Defendant NORTH MENDOCINO
    INVESTMENT COMPANY LLC, a limited liability company, inclusive)
18  (42 U.S.C. §12101, *et seq.*)

19       1.   For injunctive relief, compelling defendant NORTH MENDOCINO

20  INVESTMENT COMPANY LLC, a limited liability company, inclusive, to make the 3333

21  Mendocino Avenue Building , located at 3333 Mendocino Avenue, Santa Rosa, California,

    readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*,
22
    and to make reasonable modifications in policies, practice, eligibility criteria and procedures so
23
    as to afford full access to the goods, services, facilities, privileges, advantages and
24
    accommodations being offered.
25
         2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed
26
    the prevailing party; and
27
         3.   For such other and further relief as the court may deem proper.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability company, inclusive)
(California Civil Code §§54, 54.1, 54.3, et seq.)

1.    For injunctive relief, compelling defendant NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability company, inclusive, to make the 3333 Mendocino Avenue Building , located at 3333 Mendocino Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendant  Defendant NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability company inclusive),
(California Civil Code §§54, 54.1, 54.3, et seq.)

1.    General and compensatory damages according to proof.

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability company, inclusive)
(Health & Safety code §19955, et seq.)

1    1.    For injunctive relief, compelling defendant NORTH MENDOCINO

2    INVESTMENT COMPANY LLC, a limited liability company, inclusive, to make the 3333

3    Mendocino Avenue Building , located at 3333 Mendocino Avenue, Santa Rosa,

4    California, readily accessible to and usable by individuals with disabilities, per state law.

5    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

6    and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

7    3.    For all costs of suit;

8    4.    For prejudgment interest pursuant to Civil Code §3291;

9    5.    Such other and further relief as the court may deem just and proper.

10  **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
           FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
11         **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
           CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
12         (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
           ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
13         California public benefit corporation and Against Defendant Defendant NORTH
           MENDOCINO INVESTMENT COMPANY LLC, a limited liability company, inclusive)
14         (California Civil Code §§51, 51.5, *et seq.*)

15   1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident

16   and for each occasion on which plaintiffs were deterred from returning to the subject public

17   accommodation;

18   2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

19   prevailing party;

20   3.    Treble damages pursuant to Civil Code §52(a);

21   4.    For all costs of suit;

22   5.    Prejudgment interest pursuant to Civil Code §3291; and

23   6.    Such other and further relief as the court may deem just and proper.

24

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendant NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability company, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff PATRICK CONNALLY according to proof.

Dated: _5/2/07_, 2007        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                  THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs PATRICK CONNALLY and
                             DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                             SERVICES:HELPING YOU HELP OTHERS, a California
                             public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _5/2/07_, 2007        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                  THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs PATRICK CONNALLY and
                             DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                             SERVICES:HELPING YOU HELP
                             OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
25

AO 440 (Rev. 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PATRICK CONNALLY, an individual; and DISABILITY
RIGHTS, ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation,

C 07 2524 JCS

E-Filing

SUMMONS IN A CIVIL CASE

CASE NUMBER: _____

V.

NORTH MENDOCINO INVESTMENT COMPANY LLC,
a limited liability company

TO:

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

CLERK

MAY 1 1 2007

DATE

(BY) DEPUTY CLERK

MARY ANN BUCKLEY

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   PATRICK CONNALLY
6  and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11
   PATRICK CONNALLY, an individual; and )    **CASE NO.**
12 DISABILITY RIGHTS, ENFORCEMENT, )         **Civil Rights**
   EDUCATION, SERVICES:HELPING YOU )
13 HELP OTHERS, a California public benefit ) **COMPLAINT FOR INJUNCTIVE RELIEF**
   corporation,                            ) **AND DAMAGES:**
14                                          )
         Plaintiffs,                        )  **1st CAUSE OF ACTION:** For Denial of Access
15                                          )  by a Public Accommodation in Violation of the
   v.                                       )  Americans with Disabilities Act of 1990 (42
16                                          )  U.S.C. §12101, *et seq.*)
   NORTH MENDOCINO INVESTMENT )
17 COMPANY LLC, a limited liability        )  **2nd CAUSE OF ACTION:** For Denial of Full
   company                                 )  and Equal Access in Violation of California
18                                          )  Civil Code §§54, 54.1 and 54.3
         Defendant.                         )
19                                          )  **3rd CAUSE OF ACTION:** For Denial of
20                                             Accessible Sanitary Facilities in Violation of
                                               California Health & Safety Code §19955, *et seq.*
21                                             **4th CAUSE OF ACTION:** For Denial of
22                                             Access to Full and Equal Accommodations,
                                               Advantages, Facilities, Privileges and/or
23                                             Services in Violation of California Civil Code
                                               §51, *et seq.* (The Unruh Civil Rights Act)
24
25                                             **DEMAND FOR JURY**
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                        1

## SERVICE LIST

**Patrick Connally v. NORTH MENDOCINO INVESTMENT COMPANY**
**Case No.**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

North Mendocino Investment Co. LLC
Lawrence Simons  -  Agent
100 Stony Point Rd.   STE 180
Santa Rosa, CA

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

PATRICK CONNALLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

## DEFENDANTS

NORTH MENDOCINO INVESTMENT COMPANY LLC, a limited liability company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED
Sonoma County

ATTORNEYS (IF KNOWN)

Unknown

ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (US Plaintiff or Defendant<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br>☐ 444 Welfare<br>☐ 445 Amer w/ disab. - Empl<br>☐ 446 Amer w/ disab. - Other | ☐ 510 Motion to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $_____  CHECK YES only if demanded in complaint
UNDER F.R.C.P. 23                                                                                        JURY DEMAND ☑ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE   5/2/07        SIGNATURE OF ATTORNEY OF RECORD